**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel**

Civil Action         07-cv-01367-WYD-MEH

MDM GROUP ASSOCIATES, INC, a Delaware corporation

   Plaintiff,

v.

EMERALD ISLE REALTY, INC., a North Carolina corporation,
HATTERAS REALTY, INC., a North Carolina corporation,
SEASIDE VACATIONS, INC., a North Carolina corporation,
TWIDDY AND COMPANY OF DUCK, INC., a North Carolina corporation,
OUTER BEACHES REALTY, INC., a North Carolina corporation,
OAK ISLAND ACCOMMODATIONS INC., a North Carolina corporation,
MIDGETT REALTY, INC., a North Carolina corporation,
COASTAL VACATION RESORTS, INC., a North Carolina corporation,
ATLANTIC REALTY OF THE OUTER BANKS, INC., a North Carolina corporation,
STAN WHITE REALTY AND CONSTRUCTION, INC., a North Carolina corporation, SLOANE REALTY OF OCEAN ISLE BEACH, INC., a North Carolina corporation, SOUTHERN SHORES REALTY SERVICES, INC., a North Carolina corporation,
VILLAGE REALTY AND MANAGEMENT SERVICES, INC., a North Carolina corporation, PIRATES COVE REALTY CORPORATION, a North Carolina corporation,
COROLLA CLASSIC VACATIONS, L.L.C., a North Carolina corporation,
SPECTRUM RENTAL PROPERTIES, a North Carolina corporation,
BRINDLEY BEACH, INC., a North Carolina corporation,
SUNSET PROPERTIES, INC., a North Carolina corporation,
SHORELINE PREFERRED PROPERTIES, L.L.C., a North Carolina corporation,
SUN REALTY OF NAGS HEAD, INC., a North Carolina corporation,
OUTER BANKS BLUE, L.L.C., a North Carolina corporation,
TETTERTON MANAGEMENT GROUP, INC., a North Carolina corporation, and
VICTORY BEACH VACATIONS, INC., a North Carolina corporation

   Defendants.

**ORDER GRANTING MOTION TO CHANGE VENUE**

THIS MATTER comes before the Court on the Plaintiff's Unopposed Motion to Change Venue (docket #11), filed October 9, 2007. By way of background, on June 28, 2007, Plaintiff filed its Complaint and Jury demand in the above-captioned action. Plaintiff then contacted all of the Defendants and requested waiver of service of process pursuant to Fed. R. Civ. P. 4(d). Counsel for numerous Defendants have accepted service of process but have also asserted that this action should be litigated in the Eastern District of North Carolina, not the District of Colorado.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* This statute vests the Court with the discretion to transfer cases to other districts to prevent unnecessary inconvenience and expense. *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.*, 815 F. Supp. 1403 (D. Colo. 1992). Congress enacted the statute "as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).

The decision of whether to transfer an action lies within the sound discretion of the trial judge. *See Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir.1978). Under standards articulated by the United States Supreme Court, I must "adjudicate motions for transfer according to an

'individualized, case-by-case consideration of convenience and fairness.' " *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotation omitted).  Among the factors a district court should consider are: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.  *See Chrysler*, 928 F.2d at 1516 (quotation omitted).

Turning to the case at hand, first, I note that all Defendants are residents of North Carolina and operate vacation rental properties in North Carolina.  Second, no Defendant has yet appeared in this action or responded to the Plaintiff's complaint.  Third, counsel for the parties are cooperating and all agree that the case should be transferred to the Eastern District of North Carolina.  Fourth, for the convenience of the parties and in the interests of justice, the Plaintiff has agreed to voluntarily transfer this action to the Eastern District of North Carolina.  Based on the foregoing, I find that venue is proper in the Eastern District of North Carolina, and the requested transfer would serve the convenience of the parties and the interests of justice.  Accordingly, it is

ORDERED that Plaintiff's Unopposed Motion to Change Venue (docket #11) is **GRANTED.**  It is

FURTHER ORDERED that this action shall be and hereby is transferred to the Eastern District of North Carolina.

Dated:  October 11, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge